IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **COREY DEWAYNE WOODARD,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:25-cv-1061-P |
| § | |
| **UNITED STATES GOVERNMENT,** § | |
| *et al.*, § | |
| § | |
| **Defendants.** § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On September 29, 2025, *pro se* Plaintiff Corey Dewayne Woodard ("Woodard") filed an Amended Complaint against the United States Government, the Texas Correctional Institute, the Texas Department of Criminal Justice, NASA, Callaway TopGolf, the Texas Comptroller, and Internal Affairs (collectively "Defendants"). In an order dated October 8, 2025, Woodard was granted leave to proceed *in forma pauperis* ("IFP") [doc. 7]. Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

1

In his Amended Complaint, Woodard, as in his Original Complaint, does not present any factual allegations or legal theories; instead, he simply moves from one incomprehensible thought to the next. (*See generally* Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1-5.) A representative example is as follows:

> **III. Statement of Claim**
>
> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
>
> EXCESSIVE INITIATION WITHOUT ANY DIRECTIVE ORDERS INCLUDING PECKING TO JEOPARDIZE LIFE; MANY NAMES TO IDENTIFY IN SEARCH STAR GENETIC ENGINEERING IN INSTANT TO IMPAIR THE ABILITIES BY REASON OF FOREIGN GOVERNMENT WITHOUT CLEAR COMMUNICATION CAUSING CONTROVERSIES ON POSSESSION OF VESSEL SEIZURE AND CONTRACT DISPUTES REPUGNANT OF CONSTITUTION

(Pl.'s Am. Compl. at 4.) Nowhere in either of Woodards' complaints does he articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). The rambling Amended Complaint, as well as his previously filed complaint, lacks an arguable basis in law because the facts alleged, if any, are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted). Accordingly, the Court **FINDS and CONCLUDES** that this case should **DISMISSED**, *sua sponte*, for being frivolous as well as for failing to state a claim on which relief can be granted. *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888-89 (5th Cir. 2021) (stating that a district court may dismiss a complaint for failure to state a claim *sua sponte* as long as the procedure is fair or as long as the plaintiff has alleged his best case).

Because he appears *pro se*, Woodard's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, however, Woodard has already been allowed to file two complaints, both of which are simply

incomprehensible. Thus, it is clear that Woodard has pled his best case, and no amount of liberal construction could manufacture a viable legal claim. *See Miller*, 986 F.3d at 888-89.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 13, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed

3

findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 30, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE