UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**COREY DEWAYNE WOODARD,**

  Plaintiff,

v.                                **No. 4:25-cv-1061-P**

**UNITED STATES, ET AL.**,

  Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 30, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 13. The FCR recommended the Court dismiss all claims against Defendant with prejudice. ECF No. 13. Plaintiff filed an Objection to the FCR on November 12, 2025. Objection, ECF No. 15. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **DISMISS with prejudice** all claims, **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

On September 29, 2025, pro se Plaintiff Corey Woodard filed an amended complaint against the United States, the Texas Correctional Institute, the Texas Department of Criminal Justice, NASA, Callaway TopGolf, the Texas Comptroller, and Internal Affairs. Woodard was granted leave to proceed in forma pauperis. ECF No. 7. Plaintiff's filings list a variety of legal provisions, but do not state a coherent claim or allegation.

### LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, sua sponte,

dismiss a case proceeding IFP if the court determines that, inter alia, it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail "to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (citation omitted). An opportunity to amend is also not required if amending the complaint would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. Similarly, if a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir.2003).

## ANALYSIS OF OBJECTIONS

Plaintiff appears to raise numerous incoherent objections to the Magistrate Judge's FCR. For the following reasons, the Court will **OVERRULE** these objections.

Yet again, Plaintiff's filings are incomprehensible. While listing a number of irrelevant constitutional and legal provisions, Plaintiff in no way connects them to any facts or claims in this case. So there is no coherent attempt to articulate a legal claim capable of satisfying Rule 12(b)(6).

While Plaintiff proceeds pro se and is accordingly entitled to lenient scrutiny, Plaintiff's filings have repeatedly come nowhere close to passing the 12(b)(6) threshold. Thus, allowing Plaintiff another chance to amend would be futile.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR and Plaintiff's Objections, the Court **DISMISSES with prejudice** all claims against Defendant, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections.

**SO ORDERED** on this **18th day of November 2025.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE